UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff<br><br>            v.<br><br>ENRIQUE DIAZ,<br><br>                Defendant | CASE NO. 1:03-CR-5111-AWI-1<br><br>**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>(Doc. No. 276) |

      In February 2004, Defendant Enrique Diaz pleaded guilty to a single count of conspiring to manufacture and distribute methamphetamine, with aiding and abetting, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A), and 18 U.S.C. § 2. On May 24, 2004, Diaz was sentenced to a term of 210 months in federal prison followed by five years of supervised release. Diaz was released from prison after serving his entire term, less time-credits for good conduct, and began his five-year term of supervised release on June 1, 2018.  Special conditions of Diaz's supervised release included warrantless search, drug/alcohol treatment, drug/alcohol testing, pager/cellular phone restriction, aftercare co-payment and drug registration.

      On June 17, 2021, Diaz filed a pro se motion for early termination of supervised release. Doc. No. 276.  On June 24, 2021, the Court issued an order directing the United States and the United States Probation Office ("Probation Office") to file a response. Doc. No. 277.  As part of that order, the Court expressly stated that the failure of the United States or the Probation Office to respond would mean that the non-responding entity did not oppose early termination. Id. at n.1.

The probation office filed a response on July 15, 2021 stating, in pertinent part, as follows:

> Enrique Diaz has complied with all conditions and special conditions of Supervised Release and has not been involved in any further criminal activities. It is the opinion of the probation officer that Mr. Diaz has derived maximum benefits from supervision and is not in need of continued supervision. As such, the undersigned does not oppose early termination and supports Mr. Diaz's motion to terminate Supervised Release.

Doc. No. 278 at 1. The United States did not file a response.

*Legal Standard*

18 U.S.C. § 3583 *inter alia* permits a court to terminate a term of supervised release, after considering various factors in 18 U.S.C. § 3553. See 18 U.S.C. § 3583(e); United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).  Those factors are:  (1) the nature and circumstances of the offense and the nature and characteristics of the defendant, see § 3553(a)(1); (2) the need for the sentence imposed to provide adequate deterrence, see § 3553(a)(2)(B); (3) the need for the sentence imposed to protect the public from further crimes by the defendant, see § 3553(a)(2)(C); (4) the need for the sentence imposed to provide the defendant with needed educational, vocational, medical, or other correctional treatment, see § 3553(a)(2)(D); (5) the kind of sentence and the sentencing range established for the applicable category of offense in the sentencing guidelines, see § 3553(a)(4); (6) any pertinent policy statement issued by the Sentencing Commission, see § 3553(a)(5); (7) the need to avoid unwarranted sentence disparities, see § 3553(a)(6); and (8) the need to provide restitution to any victims, see § 3553(a)(7).  It is the defendant's burden to demonstrate that early termination is warranted.  United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006).  After considering these factors, a court may terminate supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); Emmett, 749 F.3d at 819.  In considering the "interest of justice," the Court may also consider any "undue hardship" that the defendant might be suffering. See Emmett, 749 F.3d at 820. A district court must explain its decision to either grant or deny a motion for early termination of supervised release.  See id. at 820-21.

//

*Discussion*

Diaz argues that early termination of supervised release is warranted in this case because he has "a fantastic job at Tesla as a Production Associate" involving 48-hours of work per week, as well as "stable housing" and a "stable support structure." He further argues that his low score on the Probation Office's risk-prediction index and the fact that he has completed three years of supervised release with no violations show that his risk of recidivism is low. In addition, he argues that he did not receive a sentence reduction reflecting an amendment to sentencing guidelines for drug-related offenses that post-dated his incarceration and that he paid the special assessment associated with his conviction.

Upon review, the Court finds that it is appropriate to terminate Diaz's supervised release at this juncture. Diaz has served more than 60% of his supervised release term and appears to be maintaining a steady job that is rewarding financially and in other respects. Diaz's probation officer affirmatively supports this motion and confirms that Diaz has complied with all conditions of supervised release to date, with no further criminal activity. Moreover, the Probation Office states that Diaz "has derived maximum benefits from supervision and is not in need of continued supervision." Finally, there is no restitution involved and the United States does not oppose early termination. Given these considerations, the Court will grant Diaz's motion.[1]

//
//
//
//
//
//
//

---

[1] 18 U.S.C. § 3583(e)(1) also requires the Court to follow the Federal Rules of Criminal Procedure regarding modifications of probation. See 18 U.S.C. § 3583(e)(1). Rule of Criminal Procedure 32.1 deals with revoking or modifying probation or supervised release. For a modification, Rule 32.1 requires the Court to hold a hearing before modifying conditions, unless *inter alia* the relief sought is favorable to the defendant and does not extend supervised release or probation, or the government attorney does not object. See Fed. R. Crim. P. 32.1(c)(2)(B), (C). Because the relief is favorable to Diaz and the United States does not oppose early termination, there is no need for a hearing. See id.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for early termination of supervised release (Doc. No. 276) is GRANTED;
2. Pursuant to 18 U.S.C. § 3583(e)(1), Defendant Enrique Diaz's term of supervised release is TERMINATED immediately; and
3. The Clerk shall serve a copy of this order on the United States Probation Office for the Eastern District of California.

IT IS SO ORDERED.

Dated: __August 4, 2021__  _____
SENIOR DISTRICT JUDGE